UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JAMES H. MURUNGI | CIVIL ACTION NO. 6:11-cv-0411 |
| VERSUS | JUDGE DOHERTY |
| TOURO INFIRMARY, LEE B. HANKINS, RAQUEL S. MARGULIS, and THERESA WILLIAMS | MAGISTRATE JUDGE HANNA |

# **REPORT AND RECOMMENDATION**

Before this Court is the motion to dismiss this action for lack of venue and/or to transfer this action to a court of proper venue, which was filed by defendants Touro Infirmary, Lee Hankins, and Raquel Margulis. (Rec. Doc. 7). The motion was referred to the undersigned Magistrate Judge for report and recommendation. (Rec. Doc. 10). The motion is opposed. (Rec. Doc. 12). Oral argument was held on June 22, 2011. Present in court were the plaintiff, James H. Murungi, appearing in proper person, and Leslie W. Ehret, counsel for the moving defendants.[1] For the following reasons, it is recommended that the motion be GRANTED IN PART and DENIED IN PART.

---

[1] On the day following the hearing, counsel for the defendants sent a letter to the Court by telefax which purports to be a supplemental memorandum in support of its motion. Since this is in violation of the rules of the Western District, and was done without leave of court, it was not considered. LR 7.4.

## BACKGROUND INFORMATION

In this *pro se* lawsuit, Murungi claims that he was passed over for a clinical pharmacy manager position at Touro Hospital that was advertised in April 2009. He alleges that Raquel Margulis, a white female under the age of 40 with less training and experience was hired for the position. (Rec. Doc. 1 at ¶¶ 11, 19). He alleges that he was discriminated against on the basis of his race, color, national origin, and age. (Rec. Doc. 1 at ¶ 1). He also alleges that he was subjected to harassment, a hostile work environment, lateral abuse, psychological abuse, retaliatory actions, and discharge (Rec. Doc. 1 at ¶ 1), as well as intimidation (Rec. Doc. 1 at ¶ 37), humiliation (Rec. Doc. 1 at ¶¶ 38-74), HIPAA violations (Rec. Doc. 1 at ¶¶ 75-81), and intentional infliction of emotional distress (Rec. Doc. 1 at ¶ 124). He asserts claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Equal Pay Act of 1963, and the Federal Food, Drug, and Cosmetic Act as well as under La. R.S. 46:1105(D) and other unspecified state laws. (Rec. Doc. 1 at ¶ 1).

Murungi claims that he filed a complaint with Touro's human resources department after Margulis was hired for the clinical manager position. (Rec. Doc. 1 at ¶ 20). He claims that he was paid unfairly after she was hired because he performed the same job functions as Margulis, but she was paid more. (Rec. Doc. 1

at ¶ 23-24). Murungi further claims that he was terminated by Touro on a "trumped up Touro corporate policy violation" and that his discharge was a racially motivated retaliatory discharge in violation of Title VII. (Rec. Doc. 1 at 120).

Murungi sued four defendants: Touro Infirmary, Lee B. Hankins, Raquel S. Margulis, and Theresa Williams. Theresa Williams has not been served. (Rec. Doc. 7 at 1, n. 1; Rec. Doc. 12 at 2).

Murungi filed this lawsuit in the Lafayette Division of the Western District of Louisiana. He alleges that jurisdiction is proper under 28 U.S.C. §1331 because he has alleged a federal question. (Rec. Doc. 1 at ¶ 2). He alleges that venue is proper under 28 U.S.C. §1331. That statute is not a venue statute, and since a *pro se* litigant's brief must be interpreted liberally to afford all reasonable inferences which can be drawn from the briefing, in the absence of a proper statutory citation, the Court will look to the general venue statute, 28 U.S.C. §1391, given the allegations of federal question jurisdiction.[2]

---

[2] *In re Texas Pig Stands, Inc.*, 610 F.3d 937, 941 n. 4 (5th Cir. 2010); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Securities and Exch. Comm'n v. AMX Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993); *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). See, also, *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983) (stating that EEOC charges should be given liberal construction, "especially those by unlawyered complainants"); *Reece v. Countrywide Home Loans*, 250 Fed. App'x (5th Cir. 2007) (liberal construction of *pro se* plaintiff's pleadings in race discrimination case).

## ANALYSIS

The defendants filed a motion under Fed. R. Civ. P. 12(b)(3) arguing that venue is improper in the Western District, and therefore, dismissal of his complaint or, alternatively, transfer of his lawsuit to the Eastern District of Louisiana under 28 U.S.C. §1406(a) is warranted. (Rec. Doc. 7 at 1).

### A. THE STANDARD OF REVIEW

Whether venue lies in a particular court is a question of law.[3] Venue challenges are properly brought under Rule 12(b)(3). In resolving such a challenge, the court views all facts in the light most favorable to the plaintiff[4] and resolves all conflicts in favor of the plaintiff.[5] Under Rule 12(b)(3), the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[6] A trial court has broad

---

[3] *Tucker v. U.S. Dep't of Army*, 42 F.3d 641, *1 (5th Cir. 1994) (unpublished). See, also, *United States v. Childs*, 5 F.3d 1328, 1331 (9th Cir. 1993), citing *United States v. Abernathy*, 757 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 474 U.S. 854 (1985).

[4] *Noble Drilling Services, Inc. v. Certex USA, Inc.*, 620 F.3d 469, 473 (5th Cir. 2010); *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237 (5th Cir. 2009).

[5] *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007).

[6] *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d at 238.

discretion in ruling on motions to transfer venue, and its decision will be upheld absent an abuse of discretion.[7]

B.    **VENUE IN THE WESTERN DISTRICT OF LOUISIANA**

Under 28 U.S.C. §1391(b), when a case arises under the court's federal-question jurisdiction, suit may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. The first of the three sub-parts of the statute does not apply in this case because the defendants do not all reside in the same state. Defendant Hankins is alleged to be a Mississippi citizen and defendant Williams is alleged to be a Florida citizen. The second sub-part of the statute is applicable because the events or omissions giving rise to the claim occurred at Touro Hospital in New Orleans, making venue proper in the Eastern District of Louisiana. Because the second sub-part supplies an appropriate venue, resort to the third sub-part is precluded. The plaintiff conceded at oral argument that, if the general venue

---

[7] *United States v. Asibor*, 109 F.3d 1023, 1037 (5th Cir. 1997); *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

statute applies, venue is proper only in the Eastern District and the provisions of §1406 apply.

Some federal statutes include venue provisions that differ from the general rules set out in §1391(b). Title VII is such a statute, with venue rules broader than the general venue rule:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought *in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice*, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.[8]

Even though it appears that Murungi's primary claim falls under Title VII, the defendants did not address the specific venue provision of Title VII in their briefing or the effect it might have on the venue analysis in this case. Murungi also failed to address this issue, however, at oral argument Murungi contended that this statute

---

[8] 42 U.S.C. § 2000e-5(f)(3) [emphasis added].

authorized venue in the Western District based on the language that "such an action may be brought in *any* judicial district in the State where the unlawful employment practice is alleged to have been committed...."

Under the special venue provision for Title VII claims, venue is proper in the Eastern District where Touro's employment records are maintained and where Murungi would have worked but for the alleged unlawful employment practice. Murungi argues that since the unlawful employment practice occurred in New Orleans, if the statute is given a broad interpretation, venue would be proper in any judicial district in the state of Louisiana *for the Title VII claim*. The undersigned has found no controlling Fifth Circuit precedent construing the statute so broadly, however, numerous courts have done so.[9]

When presented with this issue, the Fifth Circuit assumed without deciding that a broad reading could be given to the statute, but did not need to reach the issue as the case was remanded for transfer pursuant to a motion brought under 28 U.S.C. §

---

[9] Examples of district court cases from the Fifth Circuit so holding include the following: *Chapman v. Dell, Inc.*, No. EP-09-CV-7-KC, 2009 WL 1024635, *2 (W.D. Tex. Apr. 15, 2009); *Yett v. Peters*, No. 4:06cv473, 2008 WL 177873, *2 (E.D. Tex. Jan. 18, 2008); *Cunningham v. Peters*, No. 4:07cv36, 2008 WL 170008, *2 (E.D. Tex. Jan. 16, 2008); *Puente v. Ridge*, No. Civ. A. M-04-267, 2005 WL 1653017, *2 (S.D. Tex. July 6, 2005); *EEOC v. Jack of All Trades Personnel Services, Inc.*, No. Civ. 3:04-CV-0338-H, 2004 WL 1217943, *2 (N.D. Tex. June 1, 2004); *Becnel v. Smile Community Action Agency, Inc.*, 207 F.Supp.2d 520, 521 (M.D. La. 2001). See, also, *Richardson v. Alabama State Board of Educators*, 935 F.2d 1240, 1248 (11th Cir. 1991), citing *Aitkin v. Harcourt Brace Jovanovich, Inc.*, 543 F.Supp. 987, 988 (W.D.N.Y. 1982).

1404(a).[10] Of particular pertinence to this case is the recognition by the court that Congress intended §§ 1404 *and* 1406 could be applied to the special venue provision.[11]

While the special venue provision may apply to make venue proper in the Western District for the Title VII claims, when a plaintiff asserts multiple claims, the general rule is that venue must be proper as to each distinct cause of action.[12] The parties failed to address how venue is determined when multiple claims are asserted in a single lawsuit.

Murungi asserted federal-law claims under The Age Discrimination in Employment Act ("ADEA"), HIPAA, the Equal Pay Act of 1963 ("EPA"), the Federal Food, Drug, and Cosmetic Act ("FFDCA"). He also asserted various state-law claims. Because "[t]here is no express or implied private cause of action under HIPAA, and therefore no federal subject matter jurisdiction over any HIPAA

---

[10] *In Re: Horshoe Entertainment*, 337 F.3d 429, 435 (5th Cir. 2003). It is worth noting that in the prior panel opinion, which was withdrawn, the court specifically did not give a broad reading to this provision; a point that was the subject of the dissent. On rehearing, the prior panel opinion was amended as set forth above. See *In Re: Horshoe Entertainment,* 305 F.3d 354, 359-361 (5th Cir. 2002).

[11] *Id*., at 433.

[12] *Tucker v. U.S. Dep't of Army*, 42 F.3d at *2; *Jones v. Bales*, 58 F.R.D. 453, 458 (N.D. Ga. 1972) ("[w]here several overt acts appear in the complaint, venue must be proper as to each cause of action"), *affirmed*, 480 F.2d 805 (5th Cir. 1973); Charles Alan Wright, et al., 15 *Federal Practice & Procedure* § 3808 (3rd ed. 2010) ("the traditional rule is that venue must be established for each separate cause of action.")

claims,"[13] the HIPAA claim will not be factored into the venue analysis. Unlike Title VII, the ADEA has no comparable special venue provision; therefore the general federal venue statute, 28 U.S.C. §1391, applies to ADEA claims.[14] No specific venue statutes were located for the EPA or for the FFDCA. Therefore, venue is proper as to Murungi's federal-law claims, *other than his Title VII claim*, in the Eastern District, where a substantial part of the events or omissions giving rise to the claim occurred. Unless pendent venue applies to the other federal claims, those claims must be dismissed or venue must be transferred to the Eastern District by virtue of 28 U.S.C. 1406(a).[15]

The pendent venue doctrine "developed as an analogy to the concept of supplemental jurisdiction whereby a state law claim that could not otherwise be heard in a federal court would be allowed if attached to a factually similar federal claim."[16] "Whether to apply pendent venue is a discretionary decision, based on considerations of judicial economy, convenience to the parties and the court, avoidance of piecemeal

---

[13] *Brackens v. Dallas Independent School Dist.*, No. 3:09-CV-0642-D, 2010 WL 5464823, *23 (N.D. Tex. Sept. 20, 2010).

[14] *Tucker v. U.S. Dep't of Army*, 42 F.3d at *2.

[15] *Tucker v. U.S. Dep't of Army*, 42 F.3d at *2.

[16] *Burkitt v. Flawless Records, Inc.*, No. 03-2483, 2005 WL 6225822, *7 n. 35 (E.D. La. June 13, 2005), quoting *Pacer Global Logistics, Inc. v. Nat'l Passenger R.R. Corp.*, 272 F.Supp.2d 784, 789 (E.D. Wis. 2003).

litigation, and fairness to the litigants."[17] Although the Fifth Circuit has not spoken authoritatively with regard to pendent venue, courts in this circuit have applied the doctrine.[18] According to Wright's *Federal Practice and Procedure*:

> Despite "the traditional rule... that venue must be established for each separate cause of action, a growing number of federal courts recognize and apply the doctrine of 'pendent venue,' according to which venue may be proper with respect to an improperly venued claim if the claim is joined to a properly venued claim, and the claims arise out of a common nucleus of operative fact.... When supplemental jurisdiction is not involved and the cause of action involves multiple federal law claims, most courts applying pendent venue using one of two approaches. First, many courts follow the rule that if venue is proper for the 'principal' or 'primary' claim, then venue is proper for any subsidiary claim that shares a common nucleus of operative fact with the primary claim... because that test, 'in itself, embodies factors that bear upon judicial economy, convenience, and fairness,' which are the central concepts guiding venue restrictions in general. Accordingly, factors that are considered by many courts in determining whether to exercise pendent venue include fairness to the litigants, the convenience of the witnesses, and the avoidance of piecemeal litigation,.... Many federal courts... have declined to exercise pendent venue over claims that are governed by a restrictive venue statute. Under this second approach, claims governed by the general venue statute may be brought in the district if they are added to a claim governed by a special venue statute,

---

[17]     *Burkitt v. Flawless Records*, 2005 WL 6225822 at *7 n. 35, citing *Rodriguez v. Chandler*, 641 F.Supp. 1292, 1302 (S.D. N.Y. 1986) (noting that pendent venue is often used in cases in which venue over one claim is already established under a specialized venue statute).

[18]     See, e.g., *Elmalky v. Upchurch*, No. 3:06-CV-2359-B, 2007 WL 944330, *7 (N.D. Tex. Mar. 28, 2007) ("The Court may thus exercise pendent venue over the... claim because both claims derive from a common nucleus of operative facts, and judicial economy is best served by adjudicating those claims in a single forum."); *Burkitt v. Flawless Records*, 2005 WL 6225822 at *7 ("the Court finds that exercising pendent venue would be appropriate for Burkitt's non-copyright claims which arise out of a common nucleus of operative fact...."); *City of Waco v. Schouten*, 385 F.Supp.2d 595, 599 (W.D. Tex. 2005).

-10-

but claims governed by a special venue statute cannot be appended for venue purposes to claims that are governed by the general venue statute."[19]

Murungi argues that his Title VII claim is his primary claim. In addition, he argues, although his complaint suggests to the contrary, that all of his claims arise out of the same factual basis. If venue is found to be proper in the Western District by applying an expansive interpretation to 42 U.S.C. 2000e-5(f)(3), an interpretation the Fifth Circuit has not as yet espoused, venue could possibly be proper in the Western District for all of the federal claims utilizing either approach to pendent venue. Utilizing the first approach, venue would only be proper after the court, in its discretion, applying factors similar to those used to determine whether to transfer venue under 28 U.S.C. §1404, found that it was in the interest of justice for the case to remain. However, even if the court found pendent venue proper under the second approach, that would not foreclose the possibility of transfer based on the same factors under 28 U.S.C. §1404(a).

On the other hand, utilizing the clear terms of 42 U.S.C. 2000e-5(f)(3) and 28 U.S.C. §1391, venue would be proper as to all of the federal claims in the Eastern District without resort to a pendent venue analysis. This is so because that is the

---

[19] Charles Alan Wright, et al., 15 *Federal Practice & Procedure* § 3808 pp 256-259, (3rd ed. 2010).

district where the plaintiff would have worked but for the alleged unlawful employment practice, and venue is proper as to all the other federal claims under the general venue statute.

In short, venue would be proper under 28 U.S.C. §1391 as to all of the plaintiff's claims in the Eastern District. Under the specific venue statute, venue would unquestionably be proper for the Title VII claims in the Eastern District. If venue is arguably proper for the Title VII claims in the Western District by giving an expansive reading to the special venue statute, the court must undertake a pendent venue analysis to determine if venue is proper as to the other claims. If venue is not proper in the Western District, i.e., there is no pendent venue or the statute should not be so broadly interpreted, then, based on § 1406(a), the court may dismiss the case or transfer it to a district where it could have been brought, i.e. the Eastern District, "if it be in the interest of justice." Finally, under § 1404(a), which is made applicable in the special venue statute of Title VII, even if venue is proper in the Western District, the court may transfer the action to any other district "[f]or the convenience of parties and witnesses, in the interest of justice...."

The Eastern District provides a common ground where venue would be proper for all of the federal-law claims. In a case presenting a similar venue question, with a Title VII claim and an ADEA claim, the court looked to see if there was "a common

ground in which venue would be proper" for both of the plaintiff's claims.[20] Suit was filed in the Western District of Louisiana. The district court found that venue would be proper with regard to the ADEA claim in either that district or in the Northern District of Texas, but venue for the Title VII claim was proper in the Northern District of Texas only. The district court dismissed the Title VII claim but "acknowledged that justice would be better served by having both of [the plaintiff's] claims litigated in Texas."[21] The Fifth Circuit held that the district court abused its discretion in dismissing the Title VII claim and resolved the case by instructing that both claims be transferred to the Northern District of Texas "in the interest of justice" utilizing both §§ 1404 and 1406 in order to effect the transfer.[22]

Regardless of which authority is used, as set forth below, because the analysis for pendent venue is essentially the same as that for a transfer under § 1404(a), it is the recommendation of the undersigned that the matter be transferred to the Eastern District in the interest of justice. As a result, the question of the scope of the special venue provisions of Title VII need not be reached.

---

[20] *Tucker v. U.S. Dep't of Army*, 42 F.3d at *2.

[21] *Id.*

[22] *Id.*

As the court pointed out in *Tucker,* the source of statutory power for effecting a transfer of Murungi's claims so as to promote the interest of justice differs as to his Title VII claim and his other federal-law claims depending on whether venue is proper in the Western District. Under § 1404(a), a district court is authorized to transfer a civil action to any district where it might have been brought originally, for the convenience of parties and witnesses and in the interest of justice. Under § 1406(a), a district court is authorized to dismiss a case that was filed in a court of improper venue or, if it would be in the interest of justice, to transfer the case to any district where it could properly have been brought. Therefore, with regard to Murungi's Title VII claim, the appropriate source of power to effect a transfer is § 1404(a), not § 1406(a), if one assumes the forum chosen by Murungi – the Western District – is a proper forum by giving the special venue statue an expansive interpretation.[23]

As to the other federal-law claims, however, § 1406(a) controls because venue is not proper in the Western District with regard to those claims absent employment of the pendent venue doctrine, and the applicability of that doctrine hinges on factors

---

[23] The Fifth Circuit assumed without deciding such an expansive definition could be given and transferred the case pursuant to a motion brought under § 1404(a). *In Re: Horshoe Entertainment, Inc.*, 337 F.3d at 434. Here no such motion has been filed. However, the court in *Tucker v. U.S. Dep't of Army, supra,* transferred one of the claims under § 1404(a) and one of the claims under § 1406(a) where transfer was appropriate in the interest of justice.

which are similar to the same factors involved in a § 1404 analysis. All of the analyses have at their heart the "interest of justice" which can be discerned through the § 1404(a) analysis. Since the special venue statute recognizes the applicability of § 1404(a), in evaluating the "interest of justice," the factors contained in the special venue statue itself must also be considered.[24]

Transfer under § 1404(a) is based on a balancing of certain private interest factors and public interest factors. The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.[25] These factors are neither exhaustive nor exclusive and no one of them is dispositive.[26]

---

[24] *In Re: Horseshoe Entertainment*, 337 F.3d at 434.

[25] *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

[26] *Id.*

It is undisputed that the alleged unlawful employment practices occurred in the Eastern District. The plaintiff alleges, and Touro concedes, it is domiciled in New Orleans. It is also beyond dispute that Touro maintains the relevant employment records in the Eastern District. One of the defendants is from Mississippi and the another is from Florida. While both allegedly worked at Touro, there are no allegations that would link them in any way to the Western District. There are numerous witnesses identified in the complaint who worked at Touro, and counsel for Touro represented they all worked or resided in the Eastern District. During oral argument, both Murungi and defense counsel stated that there are no witnesses in this lawsuit who are located in the Western District. The pharmacy records at issue are all located in the Eastern District. The only indication of any link whatsoever to the Western District is that the plaintiff stated at argument that he moved here shortly before he filed suit. Previously, he lived in the Eastern District and he has filed another lawsuit, arising out of the same factual scenario, which is currently pending in state court in New Orleans.[27] Therefore, it is likely that many of the same witnesses and much of the same evidence will be used in both lawsuits.

---

[27] A copy of the petition filed in the lawsuit styled *James H. Murungi v. Touro Infirmary et al.*, Docket No. 2010-11909, Civil District Court for the Parish of Orleans, State of Louisiana, is found at Rec. Doc. 7-2.

The fact that the plaintiff chose this forum, while a factor to consider, is not dispositive even assuming venue is proper in the Western District under the special venue statute.[28] Although there ordinarily is a strong presumption favoring the plaintiff's choice of forum,[29] several factors – including the convenience of the parties, the avoidance of piecemeal litigation, and the promotion of judicial economy – significantly outweigh that factor and support the conclusion that this matter should be transferred to the alternative forum.

The undersigned finds that trial of this action will be more convenient in the Eastern District since the only connection between the Western District and this lawsuit is the fact that the plaintiff now resides here rather than in the Eastern District. All of the private interest factors militate in favor of conducting this litigation in the Eastern District, as does the second of the four public interest factors, namely, the interest in having lawsuits related to New Orleans decided there. All of the other public interest factors are neutral.

The undersigned finds that, assuming venue under the special venue statute exists in the Western District, it would promote judicial economy and serve the interest of justice if all of Murungi's claims were tried in the same forum. Therefore,

---

[28] *In Re: Horseshoe Entertainment,* 337 F.3d at 434-435.

[29] *Schexnider v. McDermott Intern., Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987).

pendent venue should not be applied to the non-Title VII claims. The undersigned finds that, rather than dismissing those claims, the interest of justice requires them to be transferred to the Eastern District pursuant to 28 U.S.C. § 1406(a). For the same reasoning, the undersigned further finds that the convenience of the parties and the interest of justice would be better served by having all of the federal claims tried in the same forum, and the undersigned recommends that the remainder of the case be transferred to the Eastern District pursuant to 28 U.S.C. §1404(a). Alternatively, if the special venue statute does not provide venue in this district, the undersigned finds the interest of justice is better served if all of the claims, including the Title VII claim, are transferred to the Eastern District, rather than dismissed, pursuant to 28 U.S.C. § 1406(a).

The undersigned recommends that the defendants' pending motion (Rec. Doc. 7) be denied to the extent that it seeks dismissal of Murungi's lawsuit but granted to the extent that it seeks transfer of this lawsuit to the Eastern District of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plan error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 29th day of June 2011.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE